PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ DE JESÚS, Defendant and Appellant.

No. 4070. Argued April 2, 1928.—Decided March 15, 1929.

*Arjona & Arjona* for the appellant. *J. A. López Acosta, Acting Attorney General,* and *James R. Beverley* and *R. A. Gómez, Assistant Attorneys General,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Originally an action was begun to restrain José de Jesús from acting as public conductor until he had complied with the rules and regulations of the Public Service Commission. The District Court of San Juan in a final judgment rendered on August 30, 1926, issued an injunction against him. On the 7th of October, 1926, a rule was issued to show cause why he should not be punished for contempt in not having obeyed the injunction order. With the motion for the rule three affidavits were presented. After a hearing on these affidavits and the opposition of the defendant the District Court of San Juan found the defendant guilty of contempt and sentenced him to pay fifty dollars or to suffer an

alternative imprisonment. From this judgment the defendant appealed. An appeal had previously been taken from the original judgment.

The appellant presented a brief discussing various questions on the main appeal, but on June 24, 1927, the government moved to dismiss the appeals. It was alleged that the questions had become academic inasmuch as the Public Service Commission had repealed the orders whereunder the suit was begun. The motion to dismiss was overruled in a *per curiam* order of this court rendered on June 16, 1927. We held that the question involved in the matter of contempt was not academic, without prejudice to the right of appellant to show that the first appeal was not academic.

On March 21, 1928, a new brief was filed wherein the judgment for contempt is discussed. This discussion is limited to three assignments of error and we heard both sides thereon in a hearing that took place on April 2, 1928.

The first assignment of error is as follows: "The court erred in holding the complaint sufficient to begin a proceeding for contempt." We have the idea that the assignment is insufficient for lack of specification.

Nevertheless, we shall give it some summary attention under the outlined circumstances. The theory is that the initial proceeding in contempt should be as definite as an information. Given the previous judgment in the case we are not so sure, but we shall assume that appellant is right.

The appellant maintains that the motion did not allege that he was transporting passengers for pay in violation of the order of the commission. The emphasis is that it should have appeared that this carrier was receiving pay. As the previous order of the court prohibited appellant from transporting passengers for pay and he was charged with continuing to run his jitneys in violation of the order, the omission, if objectionable at all, was a mere defect or want of specification. This lack could not be reached by demurrer or assignment of error.

Similar reasoning applies to the lack of averment that the appellant failed to obtain a certificate. The failing to obtain a certificate was the whole theory of the proceeding. In neither case was there a lack of notice to appellant.

The second assignment of error is a general one without specification that the proof was insufficient. Here again the lack of proof that appellant was transporting for pay was asserted. The affidavits showed that appellant conducted his jitneys over their routes innumerable times after the order of the court. This was, in a carrier of passengers, either circumstantial evidence that he was receiving pay, or a presumption arose to that effect, as decided in *People* v. *Figaredo*, 37 P.R.R. 599.

The burden was on appellant to show the issuance of a certificate after the lack of one was previously found as a fact against him.

The third assignment of error is as follows: "The court erred in sentencing appellant for contempt." All that appellant said in this regard is as follows:

"We submit this assignment on the preceding statements. We maintain, moreover, that this court should annul the judgment for contempt, inasmuch as the injunction judgment is void, and we refer to the brief filed by us in the principal case."

The former brief of appellant covers 94 pages and assigns six errors. Not one of them on its face raises any question of jurisdiction or constitutionality and we do not feel bound to search the former brief to find such a question. The attorney general very properly contends that, assuming the jurisdiction of the court, the fact that errors were committed did not affect the right to punish for contempt. Neither party refers us to the authorities.

The sentence of contempt appealed from will be affirmed.